IN THE MATTER OF THE ALLEGED ELECTION OF FREAS L. HESS AS MEMBER OF THE GENERAL ASSEMBLY FOR SOMERSET COUNTY.

Argued January 20, 1942—Decided May 19, 1942.

Before BROGAN, CHIEF JUSTICE, and Justice HEHER.

For the contestant-appellant, *Anthony P. Kearns, pro se.*

For the incumbent-respondent, *Arthur B. Smith.*

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment of the Circuit Court, Somerset County, in a contested election case. The matter was initiated in accordance with the provisions of the statute (*N. J. S. A.* 19:29-2) by the filing of a petition by Anthony P. Kearns, contestant, who prayed that he be declared elected to the office of member of the General Assembly for Somerset County in the place and stead of Freas L. Hess, who received a certificate of election from the Board of Canvassers of that county for the . office in question. The petition rests on the proposition that the incumbent was not eligible to the office of assemblyman at the time of the election (19:29-1, *subdiv. B*). Petition was met by a motion to dismiss, advanced by the incumbent, Mr. Hess, which challenged the primary and fundamental legal contention of the petitioner. At the conclusion of the argument on the motion the Circuit Court Judge, Joseph L. Smith, dismissed the petition. Hence this appeal.

The contestant averred in the petition that Mr. Hess was certified as elected member of the General Assembly of the State of New Jersey when, as a matter of law, he was not eligible to hold the office. At the general election held November 4th, 1941, Mr. Hess was the assembly candidate on the Republican ticket and Mr. Kearns was his opponent on the Democratic ticket. The contestant supports his claim that the incumbent, as a matter of fundamental law, was and is ineligible to become a member of the legislature on the ground that Mr. Hess, prior to and at the time of his election to the legislature, was, and still remains, mayor of the Borough of Somerville, and that as such mayor he is judge of a court of record. The argument is that the two offices— that is, mayor (when, as here, such officer has judicial powers)

and member of the assembly—are, by the Constitution of New Jersey, made incompatible as a matter of law when both are conferred upon one person. To show that as mayor of Somerville the incumbent is invested with juridical prerogatives and powers, the contestant directs our attention to the statute (*N. J. S. A.* 40:87-31 to 40:87-45). These several statutory provisions impose certain duties upon mayors of boroughs and bestow upon them certain prerogatives and authority, judicial in character. The mayor is obligated to see to it that the laws of the state and ordinances of the borough are faithfully executed; he may hear, try and determine, according to law, all actions which may be brought for the recovery of any penalty prescribed for the violation of any ordinance of the borough and try cases involving violation of ordinances (paragraph 32); jurisdiction is bestowed upon him in criminal matters (paragraph 33); he may hear and determine cases involving breach of the peace, disorderly conduct, &c. (paragraph 34); and the mayor's court is a court of record. The mayor is also empowered to try jury cases of which Small Cause Courts have jurisdiction (paragraph 39); he receives the same fees that are allowed to justices of the peace for like services (paragraph 45). Thus far the statute. The pertinent provision of the Constitution (article 4, section 5, paragraph 3) reads as follows: "No justice of the Supreme Court, nor judge of any other court, sheriff, justice of the peace, nor any person or persons possessed of any office of profit under the government of this State shall be entitled to a seat either in the Senate or the General Assembly; but on being elected and taking his seat, *his office* shall be considered vacant; and no person holding any office of profit under the Government of the United States shall be entitled to a seat in either house." (Italics supplied.)

These provisions of our law are construed by the contestant to mean that Mr. Hess, as mayor, with judicial power, was ineligible for a seat in the legislature and *ipso facto* disqualified. The motion to dismiss the petition, like a demurrer, raises the legal question and further, as in the case of a demurrer, admits all the facts well pleaded but challenges the legal conclusion of the pleader.

The argument of the petitioner rests upon the first complete sentence of the constitutional provision, *supra,* but disregards the remainder of the paragraph. But we must give effect to paragraph 3 of the Constitution (1844), *supra,* in its entirety. The language of the paragraph has been substantially the same since the Constitution of 1776 (Cf. article XX). It is our view that even a casual reading of the constitutional provision in question compels the conclusion that the people of the state intended thereby that a member of the judiciary should not be a member of the lawmaking body nor should any person holding an office of profit under the government of the United States. The sanction for a situation of this kind written, we think, with an exactitude that does not admit of dispute, is that such person who, after election to the legislature, takes a seat in that body shall be considered as having vacated the incompatible office. The words in the provision of the Constitution, "his office," plainly refer, as we think, to the office belonging to the judicial branch of the government. This being so, we perceive no merit in the argument of the petitioner.

It is argued in the brief for the incumbent that Mayor Hess is not a judge within the meaning of the constitutional provision; that he is not a justice of the peace; that he never functioned in either capacity, and that since he receives no salary he does not possess any office of profit under the government of the state; that he has never held court and has never received any fees for which the statute, *supra,* provides. These circumstances or facts are altogether collateral to the issue before us. They are outside the question raised. Our sole consideration is the legal efficacy of the pleading and whether there is any validity to the argument that Mr. Hess was ineligible for election to the General Assembly. We do not think he was. The reasoning of the learned Circuit Court Judge, in our opinion, is entirely correct.

One point more—the incumbent says he should have been allowed costs in the Circuit Court. The order dismissing the petition expressly provided that costs should not be allowed. This question is not before us. The incumbent should have brought up that matter by cross-appeal and this was not done.

The judgment will be affirmed, with costs.